EASTERN DIS.
<em>April,</em> 1841.

M'CABE
vs.
GENTES.

---

## M·CABE vs. GENTES.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Costs, awarded on leave to amend the pleadings, are not required to be paid up before the suit proceeds, as in case of non-suit or discontinuance.

Damages for a frivolous appeal, will not be given, when it does not appear the party has suffered any from the delay.

This case commenced by an order of seizure and sale, on a mortgage retained for the price of a slave, evidenced by the defendant's note.

The defendant took a rule to set aside the proceedings, on the ground that no copy of the petition in the French language had been served on him which was his vernacular tongue. On the trial the plaintiff obtained leave to amend in this respect, on payment of costs up to this time. He was proceeding with his seizure, when he was arrested by a second rule, to have the order of seizure set aside on the ground that the *costs of the amendment* had not been paid. This rule was discharged and the defendant appealed.

*M·Millen,* for the plaintiff, prayed that the judgment discharging the rule, be affirmed with ten per cent. damages.

Defendant P. P.

*Morphy, J.* delivered the opinion of the court.

EASTERN DIS.
*April*, 1841.

M'CABE
*vs.*
GENTES.

The plaintiff sued out an order of seizure and sale of a slave belonging to defendant, on an act importing a confession of judgment. The latter took on him a rule to show cause why it should not be set aside on the ground that the petition had not been served on him in the French language, his mother tongue. The judge made the rule absolute, but with leave to plaintiff to amend his petition by filing a copy of it in French, and upon his paying costs up to the time of the amendment. The petition in French having been filed and service thereof having been accepted by defendant, a few days after, he took another rule to set aside the order of seizure and sale on the ground that plaintiff had not paid the costs which he had previously been decreed to pay, and that no further proceedings could be had in the suit. This rule being discharged, the defendant appealed.

*Costs, awarded on leave to amend the pleadings, are not required to be paid up, before the suit proceeds, as in case of non-suit or discontinuance.*

The Judge decided correctly; the proceedings instituted by plaintiff had not been discontinued nor had he been non-suited; on the contrary he had obtained leave to amend, which he did with a view to proceed with his case; C. of Pr., arts. 492, 535.—7 La. Rep., 413. The appellee has prayed for damages for the frivolous appeal. We would not hesitate to allow them, were it not that on examining the authentic act annexed to the petition, we find in it a stipulation by which the slave mortgaged is to remain in the possession of the plaintiff, with the right to enjoy his hire and services for the use of the money loaned to defendant, to wit: $400; the amount of the note sued on; until the same shall be paid. This accounts for the extraordinary forbearance of the plaintiff who brought suit only in April, 1839, although defendant's note fell due in August, 1836. Under such circumstances, and when plaintiff is already receiving much more than the highest rate of conventional interest, we cannot say that he has suffered any damages by the delay consequent on the appeal.

*Damages for a frivolous appeal, will not be given, when it does not appear the party has suffered any from the delay.*

The judgment of the District Court is therefore affirmed with costs.